STATE OF WEST VIRGINIA

*In re* S.C.

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 20-0503** (Kanawha County 17-JA-260)

## MEMORANDUM DECISION

Petitioners, foster parents, D.B. and C.B., by counsel Erica Lord, appeal the Circuit Court of Kanawha County's April 13, 2020, order placing the child, S.C., with a relative placement.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher C. McClung, filed a response on behalf of the child also in support of the circuit court's order and a supplemental appendix. On appeal, petitioners argue that the circuit court erred in finding that removal of the child from their home was proper and in determining that the best interests of the child necessitated placement with a relative rather than with petitioners.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The circuit court held an initial evidentiary hearing regarding the removal of all foster children from petitioners' home following allegations of physical and emotional abuse, educational neglect, general neglect in care, and lack of supervision in the home.[2] S.C., the only child at issue on appeal, was one of the children removed from petitioners' home. He reportedly suffered from medical neglect and developmental delays. At the conclusion of the hearing, S.C. was ordered to remain out of petitioners' home pending further investigation.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The record indicates that petitioners had approximately eleven children residing in the home, both foster and biological children.

The circuit court held a hearing regarding permanent placement of the child. The circuit court heard the testimony of the child's interim foster parent, who stated that at the time of removal, S.C. had a terrible diaper rash that was bleeding, had an infection in his toe, and was dirty. The foster parent further testified that when the child was placed in her custody, he spoke only two words but, as of the hearing, was speaking approximately twenty to twenty-five words. Following the foster parent's testimony, the circuit court placed S.C. in a relative foster placement pending further review of the matter.

The circuit court held four evidentiary hearings on the following dates: May 30, 2019; August 2, 2019; October 18, 2019; and February 7, 2020. During the proceedings, the circuit court appointed a Special Commissioner to investigate the case and make recommendations as to permanent placement. At the February 7, 2020, hearing, the circuit court concluded the evidentiary proceedings, received the reports of the Special Commissioner and S.C.'s guardian, and heard arguments as to permanent placement of the child.

By order entered on April 13, 2020, the circuit court determined that continued placement with the relative foster placement was in S.C.'s best interests. In support, the circuit court found that the DHHR violated its own policies and procedures by allowing eleven children in petitioners' home and that, under the circumstances present in the home, removal of the child was proper. The circuit court found that while the testimony was conflicting with regard to the cleanliness and suitability of the home, an older foster child testified and established that physical abuse occurred in the home. The circuit court specifically found that petitioner D.B. exhibited a volatile temperament and used racial invectives towards one of the children in the home. The circuit court found that verbal and emotional abuse occurred in the home and that educational neglect was present at the time of removal but had significantly improved during the proceedings.[3] Despite these findings, the circuit court found that petitioners were well-intentioned but simply had too many children in their home, making it difficult to render proper care to each child. The circuit court also found that S.C. made significant developmental progress following his removal from petitioners' home and that his best interests required that he remain with his relative foster placement. Petitioners appeal the circuit court's April 13, 2020, order.[4]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there

---

[3]Four of the foster children were returned to petitioners' care during the pendency of the proceedings.

[4]The biological parents' parental rights were previously terminated. The permanency plan for S.C. is adoption by his relative placement.

is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioners argue that the circuit court erred in finding that the removal of S.C. from their home was proper. Petitioners contend that the allegations arose from a relationship with a neighbor that "turned sour" and was a retaliatory action against them. Petitioners claim that numerous workers and service providers testified that they had been in the home over the course of several years and never found it to be inappropriate. Moreover, the guardian ad litem for a few of the other children found the home to be appropriate and requested that those children be placed back in petitioners' home. Petitioners also argue that the circuit court erred in determining that S.C.'s best interests required that he be placed in a relative placement rather than in petitioners' home. Petitioners aver that S.C.'s "great strides" were due to his maturing age and continued treatment that began in petitioners' home rather than any efforts made by the relative placement. Petitioners state that "there was never a shred of medical evidence presented" that they neglected S.C. and, as such, continued placement with them was proper.

Petitioners entirely fail to cite to the record or to any authority supporting their claims.[5] The allegations against petitioners were substantiated below. Contrary to their claims that S.C.'s progress was due to maturing in age, the circuit court found that petitioners failed to provide proper care to each child due to the large number of children in their home. Evidence presented during the proceedings established that verbal, emotional, and educational neglect occurred in petitioners' home. Further, petitioner D.B. exhibited a volatile temperament towards the children. The interim foster parent testified at a review hearing that when S.C. arrived at her home, he had a bloody diaper rash, was developmentally delayed, was dirty, and had extreme behavioral issues. While in her care for a short time, S.C.'s vocabulary quickly increased from two words to approximately

---

[5]Petitioners' brief contains only two citations: one to the standard of review and one establishing the bests interests of the child as the primary goal in abuse and neglect proceedings. However, petitioners make no effort to demonstrate how these citations apply to the specific arguments they make regarding placement of the child in another home. This failure to cite to the record or any applicable law is in direct contravention of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requiring that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

twenty-five words. S.C.'s guardian's report indicated that S.C. made "astounding" progress after being placed in the relative placement and that he had a strong bond with that family. The Special Commissioner also recommended that S.C. remain in the care of his relative placement due to his progress in the home and his bond with his foster mother. While petitioners are correct that some children were returned to their home, the record establishes that the circuit court ordered that no more foster children be placed in their home and further ordered petitioners to participate in services to correct the issues that arose. Petitioners point to nothing in the record demonstrating that they are able to adequately care for additional children. Moreover, they fail to establish that the circuit court's findings are erroneous or that placing S.C. in their home would be in the child's best interest. Therefore, they fail to carry their burden on appeal. Given the evidence of the child's progress and bond in his current placement, as well as petitioners' failure to demonstrate that the circuit court's findings are erroneous, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 13, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison